**Jill K. GRAZIANO, Plaintiff-Appellant,**

v.

**Nancy A. BERRYHILL, Defendant-Appellee.**

**No. 14-35968**

United States Court of Appeals, Ninth Circuit.

Submitted June 30, 2017 *

Filed July 7, 2017

James W. Moller, James W. Moller, Wilsonville, OR, Robert A. Baron, Esquire, Attorney, Harder Wells Baron & Manning, PC, Eugene, OR, for Plaintiff-Appellant

Adrian Lee Brown, Assistant U.S. Attorney, DOJ-USAO, Portland, OR, Kathy Reif, SSA—Social Security Administration, Seattle, WA, for Defendant-Appellee

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: NELSON, TROTT, and OWENS, Circuit Judges.

## MEMORANDUM **

Jill Graziano appeals the district court's decision affirming the Commissioner of Social Security's denial of Graziano's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ identified several specific, clear and convincing reasons that are supported by substantial evidence for not giving full weight to Graziano's testimony regarding the debilitating effects of her symptoms. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Graziano's past work history was inconsistent with her alleged limitations. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Graziano's daily activities were inconsistent with her alleged limitations. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Graziano's description of her symptoms and limitations was inconsistent. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (explaining that an ALJ may reject claimant testimony based on inconsistencies in the testimony and allegations contained in the record); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (explaining that an ALJ may consider an inconsistency between alleged limitations and lack of medical treatment as one factor in rejecting claimant testimony). Any error in the remaining reasons that the ALJ offered was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ erred by failing to address lay witness statements from Suzette Bender and Kenneth Short, but the error was harmless because the evidence that the ALJ relied on to discredit Graziano's testimony also discredits the lay witness testimony. *See Molina*, 674 F.3d at 1122. ("[A]n ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.' ").

Substantial evidence supports the ALJ's finding that Alan Jenkins was not working closely under the supervision of an acceptable medical source. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (explaining that a nurse practitioner should not be considered an "acceptable medical source" when evidence did not show that he worked under close supervision of the physician). The ALJ provided several germane reasons for giving little weight to Mr. Jenkins's opinion: Mr. Jenkins mistakenly believed that Graziano was already disabled in his initial assessment, Mr. Jenkins based his opinion largely on Graziano's unreliable self-reports, and Mr. Jenkins's opinion lacked substantial support from other evidence in the record. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (concluding that an ALJ properly discredited a medical source opinion when the medical provider relied on erroneous beliefs about a claimant's medical history and a claimant's unreliable self-reports); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (holding that an ALJ may properly reject an opinion that is inadequately supported by other evidence in the record).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The ALJ included in the residual functional capacity ("RFC") assessment all the limitations that were supported by, and consistent with, substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Any error in finding that Graziano's fibromyalgia was not a severe impairment was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (when an ALJ considers limitations resulting from an impairment in the RFC, any error in not considering the impairment to be severe is harmless).

**AFFIRMED.**