**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBIN DARLENE NAPIER,

　　　　Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

　　　　Defendant-Appellee.

No.　18-35842

D.C. No. 4:18-cv-00011-JTJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Argued and Submitted October 23, 2019
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

Robin Napier appeals the denial of her applications for Social Security

Disability Insurance Benefits and Supplemental Security Income. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** Napier contends that the ALJ failed to provide "clear and convincing" reasons for discounting her subjective reports of symptoms. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017). We conclude that the ALJ articulated adequate reasons for discounting Napier's testimony. First, the ALJ noted inconsistencies between the objective medical evidence and Napier's subjective reports. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Second, the ALJ highlighted Dr. Donaldson's report that Napier provided inconsistent efforts during the consultative exam. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (reasoning that the failure "to give maximum or consistent effort" during an exam was a clear and convincing reason to discount the claimant's subjective reports).

**2.** Napier next contends that the ALJ improperly weighed testimony from various medical providers.

Specifically, Napier argues that the ALJ erred by according "minimal weight" to Nurse Practitioner Fritz's testimony. When reviewing claims filed prior to March 27, 2017, "a nurse practitioner is not an acceptable medical source," but is instead defined as an "other source[]" entitled to less deference. *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1527(f). "The ALJ may discount testimony from these other sources if the ALJ gives reasons germane to each witness for doing so."

*Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations and internal quotation marks omitted).

The ALJ provided three germane reasons for giving less weight to Fritz's testimony. First, the ALJ noted inconsistencies between Fritz's assessment of Napier's Residual Functional Capacity ("RFC") and her exam findings that Napier was "in no acute distress and ambulated with a normal gait." *See Molina*, 674 F.3d at 1112. Second, the ALJ highlighted that Fritz attributed Napier's limitations to two non-severe impairments: hypertension and back pain. Third, the ALJ noted that Fritz had seen Napier only for annual check-ups, which means that she examined Napier only infrequently. The underlying reason for giving deference to the opinions of treating providers is that they can better assess a claimant because they examine them on a consistent basis. *See Andrews v. Shalala*, 53 F.3d 1035, 1040–41 (9th Cir. 1995).

Napier also argues that the ALJ "ignored" Dr. Donaldson's finding that Napier was capable of seated or light work "at least part if not full time." Because Dr. Donaldson was an examining physician, the ALJ was required to give specific and legitimate reasons for rejecting or discounting Dr. Donaldson's opinion to the extent it was contradicted by another doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Because Dr. Donaldson was not a recognized

3

vocational expert, the ALJ appropriately gave minimal weight to his opinion regarding Napier's ability to work. *See McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2011) (noting that an ALJ's rejection of a treating physician's opinion that the claimant "could not work at all" was proper because that conclusion was "for the Social Security Administration to make, not a physician"); *see also* 20 C.F.R. § 404.1527(d)(1). The ALJ gave appropriate weight to Dr. Donaldson's medical opinions regarding Napier's impairments, and permissibly relied upon Dr. Donaldson's testimony in formulating the RFC. The ALJ did not improperly weigh Dr. Donaldson's opinion.

**3.** Napier contends that the ALJ erred at step two by finding that her neuropathy was not a severe impairment. But Napier prevailed at step two based on the ALJ's finding that she had other severe impairments. Any error at this step was therefore harmless. *Burch*, 400 F.3d at 682.

**4.** Napier also contends that the ALJ erred at step four by excluding her neuropathy from the RFC. In determining a claimant's RFC, the ALJ must consider the limitations of relevant impairments, including those that are not severe. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). But the ALJ need not include limitations that she finds non-credible or unsupported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

4

The RFC and the hypothetical posed to the vocational expert included all of Napier's impairments and limitations that were credible and supported by substantial evidence. The evidence of numbness and tingling primarily comes from Napier's own subjective reports. While the ALJ was required to consider Napier's subjective reports of pain, *see* 20 C.F.R. § 416.929(a), Napier did not testify that her neuropathy caused any limitations, *see Burch*, 400 F.3d at 682; she only alleged that she taps her feet because of her neuropathy. The record does not contain an objective medical opinion that her neuropathy had limiting effects. Thus, the ALJ did not err by omitting neuropathy from the vocational hypothetical.

**5.** Finally, the district court did not deny Napier due process or equal protection based on its enforcement of Montana Local Rule 78.2(c)(2). The agency's brief contained a concise statement of the case, and Napier cites no relevant authority to support her contention that more was required.

**AFFIRMED.**

5