**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GINA L. BRITTON,
*Plaintiff-Appellant*,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,
*Defendant-Appellee*.

No. 13-35626

D.C. No.
2:11-cv-00314-
EFS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Submitted May 4, 2015[*]
Seattle, Washington

Filed June 2, 2015

Before: Andrew J. Kleinfeld, Ronald M. Gould,
and Morgan Christen, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Social Security

The panel affirmed the district court's judgment affirming the administrative law judge's denial of claimant's application for disability benefits under the Social Security Act.

The panel held that the ALJ reasonably weighed the medical evidence, and there was substantial evidence in the record to support the ALJ's determination that claimant was not eligible for disability benefits. Specifically, the panel held that the ALJ could have reasonably accorded little weight to a medical expert's opinion that claimant's condition equaled the listing of fibromyalgia. The panel also held that the ALJ provided germane reasons for discounting the testimony of a nurse practitioner. Finally, the panel held that the ALJ did not err by not including claimant's migraines in the examination of the vocational expert because substantial evidence did not support including the additional limitations caused by claimant's migraines in the vocational assessment.

### COUNSEL

Dana C. Madsen, Spokane, Washington, for Plaintiff-Appellant.

---

   [**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Catherine Escobar, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration, for Defendant-Appellee.

**OPINION**

PER CURIAM:

In 2007, Gina Britton filed for Social Security Disability Insurance Benefits, citing an assortment of ailments: fibromyalgia, migraines, generalized dystonia,[1] and others. Because of her impairments, Britton claimed she could not work, could only drive "very short distances," experienced broken sleep, could only walk for five to fifteen minutes, could only stand for fifteen minutes, could only sit for a few minutes without adjusting her position, and could only lift five to ten pounds.

The administrative law judge found otherwise. He found that Britton could carry up to twenty pounds and could sit, stand, or walk for six hours in an eight-hour workday. Based on these findings, the administrative law judge determined that Britton could perform light work with significant limitations. Those limitations included one-day off per month for medical reasons, five percent of the work day spent off-task, no fast-paced settings, no exposure to moving machinery or heights, only superficial public contact, and only occasional interaction with coworkers and supervisors.

---

[1] General dystonia is a neurological movement disorder in which sustained muscle contractions cause twisting and repetitive movements or abnormal postures.

While the limitations excluded some of Britton's past jobs, a vocational expert testified that Britton was still capable of performing several jobs she had previously held: phlebotomist,[2] sales clerk, waitress, and sandwich maker.[3] Based on the testimony of the vocational expert that Britton could perform the above jobs, the administrative law judge denied Britton's application for disability benefits. The Social Security Appeals Council denied review, and the district court affirmed on appeal.

On appeal to this court, Britton argues that the administrative law judge did not reasonably weigh the medical evidence because the medical expert, Dr. McBarron, testified that Britton met the listing for fibromyalgia. However, an administrative law judge may disregard medical opinion that is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the administrative law judge could have reasonably accorded little weight to Dr. McBarron's opinion that Britton's condition equals the listing of fibromyalgia. That is because Dr. McBarron's opinion could not possibly be right. An alleged case of fibromyalgia cannot meet the listing for fibromyalgia because fibromyalgia is not a listed disability. *See* Social Security Ruling 12-2p at *2. Dr. McBarron even acknowledged this later in his testimony.

---

[2] A phlebotomist is a person who draws blood.

[3] The administrative law judge found Britton capable of only light work. The Dictionary of Occupational Titles describes sandwich maker as medium work. However, the vocational expert noted that the sandwich maker job Britton previously held could be considered light work.

What Dr. McBarron may have meant was that Britton's fibromyalgia was severe enough to be equivalent to one of the listed disabilities. However, Dr. McBarron's testimony was that Britton could perform light work. The ability to perform light work is incompatible with a listed disability, for a listed disability conclusively establishes that a claimant cannot work and, hence, is eligible for disability benefits. *See, e.g.*, 20 C.F.R. § 404.1520(a)(4)(iii). Dr. McBarron's testimony did not support a finding that Britton's fibromyalgia— something Dr. McBarron even expressed doubt about— rendered her unable to work.

It is true that Michael Keith, a nurse practitioner, opined that Britton could not work because of her fibromyalgia. However, a nurse practitioner is not an acceptable medical source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Rather, nurse practitioners are defined as "other sources," the testimony of whom the administrative law judge may discount if he "gives reasons germane to each witness for doing so." *Id*.

The administrative law judge discounted Keith's testimony for a good reason: namely, that Dr. McBarron had testified that Britton *was* capable of light work. In according little weight to Keith's testimony, the administrative law judge also pointed to Britton's daily activities, such as home schooling her children, which discredited Keith's opinion.

Britton asserts that Keith's testimony should be accorded deference as medical testimony because Keith worked closely under Drs. Wukelic and Wu. This court held in *Gomez v. Chater* that a nurse practitioner could be considered a medically acceptable source where he worked so closely under a physician that he was acting as the physician's agent.

*Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).[4] However, nothing in the record indicates that Keith worked so closely under Drs. Wukelic or Wu as to be considered an agent of either. The record only shows that Keith, who worked at Northwest Medical Rehabilitation, received documents from and forwarded documents to the Rockwood Clinic, where Drs. Wukelic and Wu worked. In fact, the documents sent by the Rockwood Clinic incorrectly identified Keith as a physician, suggesting that the Rockwood doctors did not know Keith. Given that Keith worked in a different doctors group and given that he was misaddressed, the record, if anything, suggests that Keith did not work closely at all under Drs. Wukelic and Wu. The administrative law judge did not improperly weigh the testimony of McBarron and Keith about Britton's fibromyalgia.

Also, Britton maintains that the administrative law judge erred by not including her migraine headaches in his examination of the vocational expert. It is true the administrative law judge did not expressly account for Britton's migraines in any of the hypothetical job seekers he described to the vocational expert. "It is, however, proper for an [administrative law judge] to limit a hypothetical to those impairments that are supported by substantial evidence in the record." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Here, substantial evidence did not support including migraines in the examination of the vocational expert. There

---

[4] *Gomez* partially relied on 20 C.F.R. § 416.913(a)(6), which has been repealed. *See* 65 Fed. Reg. 34950-01; *Molina*, 674 F.3d at 1111 n.3. We express no view on the validity of *Gomez*. But even applying *Gomez*, Keith should not be considered a medically acceptable source here.

was no independent medical evidence establishing that Britton suffers from migraines three to four days a month, that she must rest when she gets them, and that they last for two to four hours, as she claimed. While Dr. McBarron testified to this effect, he relied exclusively on Britton's testimony regarding the frequency, duration, and intensity of her migraines. Dr. McBarron's testimony does not constitute substantial evidence because it was based on Britton's testimony, which the administrative law judge determined was not credible as to the severity or frequency of her conditions. The vocational expert did take account of an absence one day per month. Without substantial evidence to support including additional limitations caused by Britton's migraines in the vocational assessment, it cannot be said the administrative law judge erred in conducting the examination of the vocational expert as he did.

There was substantial evidence in the record to support the administrative law judge's determination that Britton was not eligible for disability benefits.

**AFFIRMED.**