**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIFFANY M. BURDON,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>            Defendant - Appellee. | No. 13-36133<br><br>D.C. No. 3:12-cv-05937-KLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted April 7, 2016[**]
Seattle, Washington

Before: RAWLINSON, CALLAHAN, and GILMAN,[***] Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1

Tiffany Burdon (Burdon) appeals the district court's decision affirming the determination of an administrative law judge (ALJ) that she was ineligible for Social Security disability benefits. Burdon contends that the ALJ erred in finding that the reports from her physicians and the statements from her lay witnesses were entitled to lesser weight. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** The ALJ provided "specific and legitimate reasons that are supported by substantial evidence" when he made his determination that the reports from Burdon's consultative examining physicians were entitled to lesser weight. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Dr. Clifford Tartalia opined that Burdon could only perform simple and repetitive tasks in a low-stress environment, and that it was "unlikely" that she could complete a normal workday, due to her mental health problems. The ALJ properly afforded lesser weight to Dr. Tartalia's report because: (1) it was based on Burdon's subjective statements; and (2) it was inconsistent with other evidence in the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Mark Heilbrunn opined that Burdon could lift only five pounds with each hand on a frequent basis, and that she was limited in her ability to crouch, kneel, or crawl.

The ALJ properly afforded lesser weight to Dr. Heilbrunn's report because: (1) it was internally inconsistent; (2) it was inconsistent with the report proffered by Dr. Dale Thuline; (3) it was inconsistent with other evidence in the record; and (4) it was based on Burdon's subjective statements. *See id.*; *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

**2.** The ALJ provided germane reasons for affording lesser weight to the statements given by Burdon's lay witnesses. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015). Burdon's mother stated that Burdon suffered from "bad headaches" and from back, joint, muscle, and wrist pain. However, as the ALJ pointed out, Burdon's treatment records and reports were inconsistent with her mother's statements. Burdon's friend stated that Burdon's panic attacks lasted for hours, and that she suffered from back and hip pain. However, the ALJ noted Burdon's testimony that her panic attacks lasted only one-half hour at most, and the record reflects no back or hip condition.

**AFFIRMED.**

3