**NOT FOR PUBLICATION**

**FILED**

MAR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JARED STRADLING, | No. 15-15504 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01685-DLR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant - Appellee, | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted February 14, 2017**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and GORDON, District Judge.***

Appellant Jared Stradling (Stradling) appeals the district court's remand of his claim for Social Security benefits for further administrative proceedings. Stradling contends that his case should have been remanded for an immediate award of benefits, and that the Administrative Law Judge (ALJ) erred in discounting the opinion of a nurse practitioner. We affirm the decision of the district court.

The district court properly remanded the case for further proceedings, because the record raises crucial questions regarding Stradling's ability to obtain needed medication, as well as the basis of the attendance and punctuality limitations proposed by Dr. Hirdes. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (clarifying that further administrative proceedings are generally useful when "the record has not been fully developed," "there is a need to resolve conflicts and ambiguities," or "the presentation of further evidence may well prove enlightening in light of the passage of time") (citations, alteration and internal quotation marks omitted); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495-96 (9th Cir. 2015), *as amended*, (concluding that

***    The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

although the ALJ committed legal error, an immediate award of benefits was not warranted due to the need for further proceedings to address questions raised by the record).

The record in Stradling's case contains conflicting testimony and ambiguities regarding the nature of Stradling's inability to adhere to an effective regimen of psychotropic medication. During his hearing before the ALJ, Stradling attributed his inability to maintain use of medications to the loss of health benefits, which occurred once he secured employment. However, during an earlier visit with his provider, Stradling claimed that he "couldn't explain why" he had stopped taking his medications. In addition, the record is devoid of evidence corroborating Stradling's contention that his failure to maintain use of his prescribed medication correlates with a loss of insurance benefits. Additionally, further proceedings may serve to elucidate the moderate attendance and punctuality limitations on his ability to sustain work proposed by Dr. Hirdes.

The district court correctly determined that substantial evidence supports the ALJ's rejection of the assessment of the nurse practitioner. The ALJ provided germane reasons for discounting the nurse practitioner's opinion. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (explaining that "a nurse practitioner is not an acceptable medical source," and is properly characterized as an "other

source," the testimony of whom the ALJ may discount if he gives germane reasons for doing so).

**AFFIRMED.**