**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANANA RAZUMNY ROBERTS, | No. 16-35798 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-01460-CL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 14, 2018[**]
Portland, Oregon

Before: TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Anana Razumny Roberts appeals the district court's decision affirming the

Social Security Commissioner's denial of supplemental security income ("SSI")

disability benefits. Roberts alleged disability based on various conditions

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

including fibromyalgia and chronic fatigue syndrome. An administrative law judge ("ALJ") denied her claim, finding Roberts's testimony inconsistent with her medical records and not entirely credible. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

We review de novo the district court's order "to ensure that the Commissioner's decision was supported by substantial evidence and a correct application of the law." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). This involves a "highly deferential" review of the ALJ's denial of benefits. *Id.*

The ALJ did not commit legal error in discounting the opinion of physical therapist Breuer. Physical therapists are not "acceptable medical sources," and thus the ALJ did not err in discrediting Breuer's opinion when it conflicted with that of "acceptable medical sources," three physicians. *See* SSR 06-03p, *available at 2*006 WL 2329939.[1] The ALJ correctly compared Breuer's testimony to the physicians' opinions and to the record as a whole (including Roberts's testimony), and afforded Breuer's opinion "little weight" because it conflicted with the record. *See* 20 C.F.R. § 416.927(c), (f). Similarly, the ALJ properly gave "more weight" to the opinion of Dr. Nolan, who examined Roberts and determined that she could

---

[1] The Social Security Administration rescinded this administrative guidance, but did so only for claims filed on or after March 27, 2017. The guidance therefore applies to this appeal. *See* 82 Fed. Reg. 15263-01 (Mar. 27, 2017).

perform physical functions consistent with "light work." *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015).

This case is unlike *Benecke v. Barnhart*, where we reversed a denial of benefits because three rheumatologists diagnosed the claimant with fibromyalgia, and there was no conflicting medical testimony concerning the claimant's physical capabilities. 379 F.3d 587 (9th Cir. 2004). This case is also far from *Revels v. Berryhill*, where we reversed a denial of benefits because the ALJ gave "no weight" to the claimant's physician, a rheumatologist who had treated the claimant for fibromyalgia-related chronic pain at least twelve times during a two-year period and concluded that she could not work. 874 F.3d 648 (9th Cir. 2017).

Substantial evidence supports the ALJ's determination that Roberts's testimony about the severity of her symptoms was "not entirely credible." Where, as here, the record establishes a medically determinable impairment that could reasonably cause a claimant's reported symptoms, an ALJ must evaluate the claimant's symptom allegations. *See* 20 C.F.R. § 416.929; SSR 96-7p, *available at* 1996 WL 374186.[2] The ALJ's decision must "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent

---

[2] SSR 96-7p was later superseded by SSR 16-3p, *available at* 2016 WL 1119029. But because SSR 96-7p was in effect when the ALJ issued her decision, the ALJ was bound to follow it. *See* 20 C.F.R. § 402.35(b)(1).

reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at *2. The ALJ is guided by "ordinary techniques of credibility evaluation," and may consider inconsistencies with the medical record, unexplained failures to seek treatment, and whether the claimant engages in activities of daily living that are consistent with the symptom allegations. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). The ALJ's decision meets these criteria.

Substantial evidence supports the ALJ's finding that Roberts's alleged symptoms "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Roberts claimed debilitating pain and fatigue, but her intermittent doctor visits did not reflect such issues.

Crucially, the ALJ complied with Social Security Rulings 99-2p and 12-2p, which provide specific guidance to adjudicators assessing claims concerning chronic fatigue syndrome and fibromyalgia. *See* SSR 99-2p, *available at* 1999 WL 271569; SSR 12-2p, *available at* 2012 WL 3104869. As required by the Rulings, the ALJ considered the full longitudinal record. Unlike Revels, who sought consistent medical treatment for debilitating pain, 874 F.3d at 663, Roberts—the ALJ noted—had "no medical-related complaints or visits" for a decade, followed by a recent year with no ongoing pain treatment. Such unexplained gaps in

treatment may support an ALJ's credibility determination. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

As the ALJ observed, the one-year gap in treatment followed immediately after Roberts was initially denied SSI benefits. Medical records show that Roberts conducted online research to "see[] all the tests that she should present in order to be considered for Social Security, and she mentioned stress test[s] and other things that are not pertinent for her medical problems." In response, a doctor explained that she was "not going to order every single test that the Social Security Administration posts on the website because it is not pertinent to [Roberts's] medical problems." Given the curious timing of Roberts then foregoing treatment for a year, the record adequately supports the ALJ's conclusion that Roberts "seemed more interested in documenting disability than in receiving treatment to become more functional." *See Molina*, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The ALJ also found that Roberts's activities of daily living are "inconsistent with" her claimed disability. A claimant's completion of certain household tasks can provide a valid reason for discounting her inconsistent symptom allegations, even in the specific context of fibromyalgia pain. *See*

5

*Revels*, 874 F.3d at 667; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). To the extent Roberts challenges certain of the ALJ's findings concerning her activities of daily living, any error was harmless in light of the overall record.[3]

Similarly, the ALJ did not commit reversible error in giving "little weight" to lay witness testimony of Roberts's mother. Her mother submitted a report detailing Roberts's difficulty performing various physical functions, which mostly reflected Roberts's own report on her daily activities. Because her mother did not describe any limitations beyond those described by Roberts, any error in evaluating the mother's testimony is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1122.

The ALJ did not err in determining Roberts's Residual Functional Capacity and posing questions to a vocational expert. An ALJ need not include in such questions every limitation *asserted by the claimant*; rather, the ALJ need only include the limitations that she found credible and supported by substantial

---

[3] The district court properly rejected a rationale superfluous to the ALJ's credibility determination—that Roberts's attempts to get pregnant were "inconsistent with" her claimed disability. We have never held that aspirations of parenthood are incompatible with disability, nor do we do so here. We also doubt whether taking one car trip per year to visit a family member for the holidays is "inconsistent with" disability. But even when certain of the ALJ's reasons are invalid, we nonetheless uphold credibility determinations as long as they are supported by substantial evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ did so here.

**AFFIRMED.**