**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAY ANTHONY SHORTER,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security Administration,

Defendant-Appellee.

No.    17-35731

D.C. No. 4:16-cv-00015-BMM

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 20, 2019**

Before:    FARRIS, LEAVY, and TROTT, Circuit Judges.

Ray Shorter appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Shorter's application for disability

insurance benefits under Title II of the Social Security Act.  We review de novo,

*Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017), and we affirm.

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Administrative Law Judge (ALJ) reasonably concluded that obesity was not a severe impairment because no medical evidence showed any functional limitations associated with obesity. *See Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (explaining that an impairment should be found not severe when substantial evidence shows that the impairment had no more than a minimal effect on a claimant's ability to work). Shorter's contention that the ALJ found major depressive disorder to be non-severe is not supported by the record.

Because Ms. Lockwood was a Nurse Practitioner and did not work closely under the supervision of an acceptable medical source, the ALJ was only required to provide germane reasons to reject her opinions. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (concluding that nurse practitioners are "other sources"); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (noting that a nurse practitioner may be considered an acceptable medical source where she worked under a physician's close supervision). The ALJ properly rejected Ms. Lockwood's opinions based on inconsistency with objective medical evidence, including Ms. Lockwood's own progress notes showing largely unremarkable mental status examinations and findings of improvement with medication. *See Molina*, 674 F.3d at 1112 (including inconsistency with the treatment record as a germane reason to reject a medical opinion).

Substantial evidence supports the ALJ's conclusion that Dr. LaRocque's June 2015 opinion was inconsistent with the objective medical evidence because it merely affirmed Ms. Lockwood's opinion.

The ALJ reasonably gave significant weight to Dr. Golas's opinion and translated the medical evidence into specific functional limitations in the residual functional capacity (RFC). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (explaining that the ALJ does not reject a medical opinion when the ALJ reasonably incorporates the opinion into the RFC).

Because Dr. Malayil's opinion was contradicted by Dr. Kuka and Dr. Enright's opinions, the ALJ was required to provide specific and legitimate reasons to reject it. *See Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006) (concluding that the ALJ was required to provide specific and legitimate reasons to reject a medical opinion that was contradicted by the opinion of a non-examining state agency physician). Substantial evidence supports the ALJ's conclusion that Dr. Malayil's opinion was inconsistent with the minimal findings on mental status examinations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that inconsistency with treatment records is a specific and legitimate reason to reject a medical opinion).

The ALJ properly rejected Mr. Armstrong's opinion because it was inadequately supported by clinical findings. *See Bayliss v. Barnhart*, 427 F.3d

3                                                                    17-35731

1211, 1216 (9th Cir. 2005) (explaining that the ALJ is not required to accept medical opinions that are inadequately supported by clinical findings).

Shorter fails to make any argument as to the ALJ's duty to develop the record. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("[W]e ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief" (internal quotation and citation omitted)).

The ALJ reasonably rejected the GAF scores in the record because they included multiple non-disability related factors. *See Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014) (explaining that GAF scores include social, occupational, and school functioning). Substantial evidence supports the ALJ's assessment of the remaining medical evidence, including the weights assigned to the medical opinions. *See Tommasetti*, 533 F.3d at 1041 ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

The ALJ provided clear and convincing reasons for discounting Shorter's testimony, citing inconsistences between Shorter's reported daily activities and his alleged symptoms, as well as a lack of supporting medical evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

17-35731

The ALJ properly relied on vocational expert testimony in response to a hypothetical that included all the limitations that the ALJ assessed in the RFC. *See Bayliss*, 427 F.3d at 1217.

**AFFIRMED.**