**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



KENWYN BOND,

        Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   20-35496

D.C. No. 1:19-cv-01128-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 3, 2021[**]
Pasadena, California

Before:  KLEINFELD, TALLMAN, and OWENS, Circuit Judges.

Bond argues that the Administrative Law Judge (ALJ) erred by rejecting her

testimony as to her pain and the extent of her limitations.  The ALJ discounted

Bond's statements about the intensity, persistence, and limiting effects of her

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

symptoms. Specifically, while the ALJ found that Bond's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Bond's statements concerning the intensity, persistence and limiting effects of those symptoms were inconsistent with the medical evidence and other evidence in the record. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Here, for example, Bond claimed that she needed to elevate her legs for five to six hours a day to relieve swelling. The medical record, however, consistently showed Bond had no cyanosis, clubbing, or edema. Therefore, substantial evidence supports the ALJ's credibility finding. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing.").

Bond also argues that the ALJ improperly addressed her son's witness statement about the extent of her limitations. The ALJ gave the lay witness statement "some weight" because it was generally consistent with Bond's testimony, which he had already discounted due to contradiction with the medical record. An ALJ can discount a lay witness statement, so long as he gives a

germane reason.  *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).  The contradiction with the medical evidence was a germane reason to discount the lay witness statement.

Bond claims that the ALJ erred by rejecting the opinions of her nurse practitioner.  The ALJ gave "some weight" to the nurse's opinion because it was inconsistent with the evaluations of Bond's medical doctors, which indicated that the nurse's opinion was largely based on unreliable subjective reporting by Bond.  Under the regulations in place at the time Bond filed for benefits, a nurse practitioner's opinion was categorized under "other sources."  20 C.F.R. §§ 416.913(d), 404.1513(d), *superseded by revised regulation in 2017*.  An ALJ can discount "other sources" if he gives a germane reason for doing so.  *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam).  Contradiction with a doctor's opinion is a germane reason for discounting a nurse practitioner's opinion.  *Id.*  Therefore, the ALJ did not err.

Bond further claims that the ALJ failed to properly address the opining of Dr. Grant and Dr. Ziegler that Bond should avoid repetitive use of her left arm and hand, and that she would benefit from activity modification.  To the contrary, the

3

ALJ did consider the doctors' evaluations. He was not required to include their opining in his residual functional capacity determination, however, because nowhere did either doctor indicate that Bond was "incapable of working *except* under [their] recommended conditions." *Valentine v. Comm'r*, 574 F.3d 685, 691 (9th Cir. 2009). Therefore, the ALJ did not err in this regard either.

Finally, Bond claims that the ALJ erred in failing to include any limitations in social functioning or in concentration, persistence, and pace in his residual functional capacity determination. Specifically, Bond points to the opinion of Dr. Shields, who opined about Bond's bouts of panic, her avoidant behavior, and her trouble dealing with stress. The ALJ only gave "some weight" to Dr. Shields's opinion because his findings were inconsistent with Dr. Shield's own mental status examination and the medical evidence in the record. A doctor's opinion may be discounted if it conflicts with his clinical notes and observations. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Therefore, substantial evidence supports discounting Dr. Shields's opinion.

**AFFIRMED.**