**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUZETTE NICOLE BOURCIER, | No. 20-35316 |
| Plaintiff-Appellant, | D.C. No. 9:19-cv-00051-KLD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| NANCY A. BERRYHILL, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Submitted April 16, 2021[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA,*** District Judge.

Suzette Bourcier appeals from the district court's judgment affirming the decision of the Commissioner of Social Security denying her claim for disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for reconsideration.

1. The ALJ provided "specific and legitimate reasons" to assign minimal weight to treating physician Dr. Sarah Huddleston's opinion that Claimant is unable to work. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Dr. Huddleston's opinion conflicts with her own treatment notes and treatment notes from other providers at the same medical facility. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that inconsistency with medical records qualifies as a legitimate reason to discount a treating physician's opinion). Those notes reveal that Claimant was in "no acute distress," had a "normal" gait and "full range of motion," had intact cognitive functioning, and demonstrated cooperative behavior, good judgment and insight.

Additionally, the ALJ permissibly found that Dr. Huddleston's opinion was conclusory and inadequately supported. See Batson v. Comm'r of Soc. Sec.

_____

***    The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

2

Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole."). Dr. Huddleston's explanation that Claimant's "physical health and mental health issues" prevent her from "hold[ing] a job at this time" was cursory, unsupported, and not accompanied by a functional capacity evaluation.

Further, Dr. Huddleston's opinion was controverted by the opinions of non-examining and non-treating physicians. Those opinions are supported by and consistent with other evidence in the record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating physicians . . . may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Accordingly, the ALJ did not err in giving those opinions significant weight.

2. The ALJ gave germane reasons to discount the opinion of Mavis Vaillancourt, a licensed clinical social worker. Molina v. Astrue, 674 F.3d 1104, 1111–12 (9th Cir. 2012) superseded by regulation on other grounds. Vaillancourt's opinion is not supported by the treatment record. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) (holding that incongruity with medical record is a germane reason for discounting other source testimony). For example, although Vaillancourt stated that Claimant suffered from frequent, unpredictable,

3

and incapacitating panic attacks in social settings, there is no evidence in the record documenting those attacks.

Additionally, the ALJ permissibly found that Vaillancourt's opinion is inconsistent with the activities that Claimant reported she engaged in. Although Vaillancourt opined that Claimant is unable to interact with others because of the incapacitating panic attacks she experiences in social settings, Claimant testified that she eats out once a week and grocery shops monthly. See Britton v. Colvin, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam) (explaining that inconsistencies between an "other source" opinion and a claimant's daily activities is a germane reason for the ALJ to discount that opinion).

3. The ALJ gave "specific, clear, and convincing reasons" to discount Claimant's testimony regarding the severity and extent of her limitations. Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014).

Claimant testified that she is unable to lift more than ten pounds or walk more than 50 yards without having to stop and sit. She reported that she must lie down for about 30 minutes every two hours, and cannot pay attention for more than five minutes. But some of Claimant's activities contradict those allegations. See Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014) (holding that an ALJ may discount a claimant's testimony when the claimant's activities "are

4

incompatible with the severity of symptoms alleged").  For example, after Claimant's car got stuck in the mountains, she cut a fallen tree and moved it from the road.  She succeeded after "many hours" of physical labor.  She spent four hours in the woods on another occasion and expressed an interest in obtaining a license to hunt from her vehicle.  As for her more routine activities, Claimant vacuums, cares for her five dogs, does laundry, repaired her fence, and shops for groceries.  She also drives her son when he goes hunting.  And she plays online games and reads the news on her iPad.  The ALJ was sufficiently specific in inferring, from Claimant's testimony and anecdotal notes in her treatment records, that "she is generally quite functional."  See Tommasetti, 533 F.3d at 1038 ("The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record . . . ." (internal quotation marks omitted)).

4.  The ALJ failed to account for the time Claimant spends attending medical appointments in the hypothetical scenarios posed to the vocational expert and in the residual functional capacity assessment.  Contrary to the government's argument, Claimant preserved the issue for appeal.  Claimant has presented evidence sufficient to establish the possibility that the frequency of her medical appointments may inhibit her ability to work on a "regular and continuing basis."  Social Security Ruling 96–8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996).  We

5

remand for further consideration and development of the record on this issue. The ALJ should consider, for example, the need to schedule all appointments during the workweek or workday, the need to miss an entire workday for each appointment, and whether the need for this number of appointments is ongoing.

5. The record does not require the ALJ to find Claimant disabled, even if the ALJ reconsiders the evidence in light of Claimant's time spent attending medical appointments. Thus, we decline to exercise our discretion to remand for an award of benefits. Garrison, 759 F.3d at 1020–21. Instead, we remand for further proceedings.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**.