NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN J. STAINBROOK,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of Social Security,<br><br>               Defendant-Appellee. | No.   20-36025<br><br>D.C. No. 3:19-cv-06185-MLP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted November 9, 2021[**]
Seattle, Washington

Before: GOULD, TALLMAN, and BUMATAY, Circuit Judges.

This appeal arises from the denial of Appellant Kevin Stainbrook's

Application for Supplemental Security Income ("SSI Application"). The

Commissioner of the Social Security Administration ("Commissioner") affirmed

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the denial of Appellant's SSI Application after the Administrative Law Judge ("ALJ") found that Appellant was not disabled. Specifically, the ALJ found that Appellant was not disabled under section 1614(a)(3)(A) of the Social Security Act because, even considering Appellant's impairments, Appellant was capable of making a successful adjustment to other work that existed in the national economy in significant numbers. Appellant requested reconsideration which was also denied. Thereafter, Appellant filed a civil suit in the District Court for the Western District of Washington, seeking judicial review of the ALJ's decision. The district court entered an Order affirming the ALJ's decision, denying SSI benefits. Now, Appellant challenges the district court's decision alleging error.

We review the district court's judgment affirming the ALJ's denial of SSI benefits *de novo*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008), "and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012).

First, Appellant argues that the ALJ erred by failing to properly evaluate the medical evidence and medical opinions in the record. The record does not support this conclusion. The ALJ properly analyzed the medical opinions in the record, weighed them, and properly disregarded only any medical opinion that was not supported by the objective medical evidence. The ALJ "may disregard a medical

opinion . . . inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam).

Next, Appellant argues that the ALJ erred by discounting Appellant's subjective pain testimony. The ALJ discounted Appellant's testimony because it was not consistent with Appellant's activities of daily living, and the objective medical evidence in the record. Appellant's testimony is contradicted by numerous x-rays and medical opinions indicating that Appellant's symptoms have stabilized. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Lastly, Appellant argues that his residual functioning capacity ("RFC") assessment was determined incorrectly because it did not account for the opinions of two individuals, Dr. Donlon and Ms. Williams. Appellant's RFC assessment argument is premised on the asserted impropriety of the ALJ's decision to discount the opinions of Dr. Donlon and Ms. Williams. This argument is not persuasive because we hold that the ALJ's decision to discount the opinions of Dr. Donlon and Ms. Williams was proper and supported by the objective medical record.

**AFFIRMED**.