**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LELAND THOMAS FORE, | No. 20-36118 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05370-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted February 8, 2022**
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

1. Leland Fore ("Fore") appeals the district court's affirmation of the partially

favorable final decision of the Commissioner of the Social Security Administration

("Commissioner"). Specifically, Fore challenges the Commissioner's denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act for the period of August 1, 2013 through November 11, 2018. For the following reasons, we affirm.

2. The parties are familiar with the facts of the case, so we do not recite them here. Fore first argues that the ALJ erred in denying his DIB application by relying in part on evidence that postdated his date last insured ("DLI"). The ALJ gave weight to a medical report that predated Fore's DLI, a report that standing alone may well represent substantial evidence to support the ALJ's decision. Regardless, Fore's primary contention is incorrect. There is no rule prohibiting the ALJ from considering post-DLI evidence when evaluating a claim involving the pre-DLI period. In fact, the rule is the opposite—Ninth Circuit caselaw expressly allows for post-DLI evidence to bear on such claims. *See, e.g., Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Fore presents no arguments why the post-DLI evidence should not be considered in this case.

3. Fore next argues that the ALJ erred in characterizing the medical evidence of his treating naturopath and affording it "little weight." First, the ALJ correctly identified the naturopath as not being an "acceptable medical source" under the regulations prevailing at the time Fore filed his complaint on May 10, 2016.[1] Accordingly, the ALJ was permitted to discount the form opinions so long as the

---

[1] *See* 20 C.F.R. § 404.1513(a), (d) (2016).

ALJ "gives reasons germane . . . for doing so." *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)). While the ALJ did flatly mischaracterize the reports as placing "no restrictions" on Fore's ability to sit, stand, or walk, the ALJ nonetheless cited a legitimate germane reason to discount the form opinions—that "acceptable medical sources" who reviewed the form opinions found "that there [was] no basis" for the evaluations "apart from the claimant's subjective complaints."

4. Fore next argues that the ALJ erred in discounting his subjective complaints in light of documented activities in which Fore participated and that were inconsistent with Fore's allegations. Fore challenges this finding, arguing that the ALJ used evidence of Fore's activities impermissibly to conclude that Fore was not disabled and could work "8 hours a day, 5 days a week, on an ongoing basis." Fore's assertion is incorrect. The ALJ noted only that Fore's admitted activities were "inconsistent with his hearing testimony," not that those activities conclusively established that Fore was not disabled. An ALJ is permitted to refer to daily activities that contradict a claimant's testimony in discounting such testimony. *See, e.g., Smith v. Kijakazi*, 14 F.4th 1108, 1114 (9th Cir. 2021). To be sure, it is unclear whether an isolated fishing, hunting, or weightlifting session would rise to the level of inconsistent "daily activities" sufficient to enable an ALJ to discount a claimant's testimony. However, the record collectively demonstrates that Fore engaged in the

3

three aforementioned activities as a matter of routine.

5. Finally, Fore argues that the ALJ erred in discounting lay testimony in the record. To discount lay testimony, an ALJ must cite germane reasons for so doing. *See, e.g., Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Concerning testimony from Fore's family, the ALJ noted that this testimony was inconsistent with the medical records in evidence. Concerning testimony from Fore's friends, the ALJ noted that their statements were inconsistent with Fore's acknowledged activities of fishing and hunting.

6. For the foregoing reasons, the district court's decision is AFFIRMED.