NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BROCK A. PETERS,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>        Defendant-Appellee. | No.   21-35277<br><br>D.C. No. 3:20-cv-05620-BAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted March 11, 2022[**]
Portland, Oregon

Before: GRABER, BEA, and M. SMITH, Circuit Judges.

Brock Peters ("Peters") appeals the district court's affirmance of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied Peters's application for supplemental security

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

income ("SSI"). For the following reasons, we affirm.

1. Peters first argues that the ALJ erred in evaluating the medical opinions of his examining psychologist and a certified physician assistant. Concerning the opinion of the examining psychologist, the ALJ gave "some weight" to this opinion "as far as the limits to simple, routine tasks" but concluded that the opinion was "otherwise vague, and extends little beyond [Peters'] self-reporting." These are specific and legitimate reasons to discount an examining physician's opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 2002). Concerning the opinion of the certified physician assistant, under the pre-March 2017 version of 20 C.F.R. § 404.1513 that applied to Peters's application, a certified physician assistant was not an "acceptable medical source." Therefore, the ALJ need only give germane reasons for discounting this testimony. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ discounted the certified physician assistant's testimony, because it was a check-off report that lacked explanation, was inconsistent with Peters's self-reporting to the certified physician assistant, and was inconsistent with Peters's other testimony of work. These are permissible "germane reasons" to discount the opinion. *Id.* at 1111–12; *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam).

2. Peters next argues that the ALJ erred in discounting his subjective

complaints in light of his activity level and medical records. An ALJ is permitted to rely on daily activities that contradict a claimant's testimony in discounting testimony by a claimant of his subjective complaints. *Smith v. Kijakazi*, 14 F.4th 1108, 1114 (9th Cir. 2021). The ALJ permissibly relied on evidence in the record that Peters reported doing "odd jobs" in January 2017 and performing work on the property where he lived in exchange for rent in September 2017. Moreover, the ALJ properly cited medical records demonstrating that, when Peters sought medical treatment for his claimed ailments, he responded well to treatment. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

3. Peters also argues that the ALJ erred in discounting the lay testimony of his partner of ten years, and in failing to discuss the lay testimony of three social workers. To discount lay testimony, an ALJ must cite germane reasons for doing so. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Concerning Peters's partner's testimony, the ALJ noted that "the severity of the symptoms alleged is not entirely consistent with the medical evidence of record." This is an acceptable reason to discount lay testimony, *Lewis v. Apfel*, 236 F.3d 503, 511–12 (9th Cir. 2001), and this reason is supported by substantial evidence. Concerning the lay testimony of the three social workers that the ALJ did not discuss, each social worker interacted with Peters on only a single occasion in helping Peters complete his

3

disability applications. Any error in failing to discuss the social workers' observations is harmless because their very limited observations are consistent with the ALJ's finding as to Peters's residual functional capacity ("RFC"). *See Molina*, 674 F.3d at 1122 (concluding that the ALJ's error in rejecting lay testimony was harmless).

4. Finally, Peters argues that because the ALJ erred in evaluating the medical evidence, discrediting Peters's testimony, and discrediting lay testimony, the ALJ necessarily committed error in determining Peters's RFC. However, for all the reasons noted above, because the ALJ permissibly evaluated all of the evidence in the record in determining Peters's RFC, Peters's derivative challenge fails.

**AFFIRMED**