NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICK E. JOHNSON, | No. 21-35844 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00032-JTJ |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Submitted July 6, 2022**
Portland, Oregon

Before: WATFORD, R. NELSON, and LEE, Circuit Judges.

Rick Johnson appeals the district court's order affirming the Administrative

Law Judge's denial of Social Security disability benefits and supplemental income.

We have jurisdiction under 28 U.S.C. § 1291, and review de novo the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

order.  *See Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir. 1999).  We may set aside the denial of benefits only if it is not supported by "substantial evidence or [if] it is based on legal error."  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  We affirm.

1.      Johnson's principal argument is that the ALJ and the district court erred in using March 22, 2017 (when he protectively filed for benefits) as the filing date instead of April 6, 2017 (when he formally submitted his application to the agency).  That matters because the agency's regulations about how to evaluate medical evidence changes based on those two dates.  While the day the agency receives the application for benefits can serve as the "filing date," a written statement indicating an intent to claim benefits (*i.e.*, a protective filing) can also trigger the "filing date."  *See* 20 C.F.R § 404.630.  And the agency regulations state that the earlier date of the protective filing will be used.  *See id.*; 20 C.F.R § 404.614(a).  Similarly, the Program Operations Manual System (POMS) states the "filing date" is the earlier of the date of either a valid application received or the protective filing.  POMS GN 00204.007(A)(1); POMS GN 00204.010(A)(1).  The ALJ and district court thus correctly used March 22, 2017, as the filing date.

Though Johnson speculates that the earlier filing date belongs to another individual, substantial evidence supports the finding that Johnson protectively filed for benefits on March 22, 2017.  Numerous application forms and disability

2

determination explanations list March 22, 2017, as the application date. The documents with the protective filing date also include Johnson's name, address, education level, birthdate, and Social Security number. Johnson provides no explanation why another individual's application date would appear on an application with his personal information.

2. The ALJ properly rejected some of Johnson's subjective complaints because he provided "specific findings stating clear and convincing reasons for doing so." *See Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1196 (9th Cir. 2004). *Batson* has been met. The ALJ noted that Johnson reported to a provider that he had numbness and weakness in his hands, but on exam, Johnson exhibited good coordination and no weakness or motor deficits. Similarly, Johnson testified his examining doctor told him not to lift more than five pounds, but two postoperative evaluations indicated a temporary limitation of no greater than ten pounds. The ALJ observed that while Johnson complained of worsening neck pain, medical support showed rehabilitation was proceeding as expected. Furthermore, the ALJ properly discounted Johnson's complaints of uncontrollable blood pressure because Johnson's hypertension can be "controlled effectively with medication." *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

3. The ALJ did not err by giving more weight to state agency medical consultants over treating healthcare providers. Nor did the ALJ err in giving less

weight to treating healthcare provider Hathaway's opinions, given that the ALJ provided reasons that were sufficiently "germane." *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam). The ALJ noted Hathaway's findings were not consistent with medical opinions nor supported by objective medical evidence. *See* 20 C.F.R § 404.1527(c)(3)-(4), 416.927(c)(3)-(4).

4. The ALJ did not err by not evaluating the frequency of Johnson's treatments from August 2018 to January 2019 in evaluating his residual functional capacity. Johnson presents no evidence to establish that the frequency of his medical appointments inhibited his ability to work on a regular and continuing basis. Johnson's nine appointments within five months seem unlikely to have inhibited Johnson's ability to work, especially considering Johnson provided no evidence showing that his appointments lasted entire workdays or would continue to persist.

**AFFIRMED.**