NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN A. VILLARRUEL,

Plaintiff - Appellant,

v.

LELAND DUDEK, Acting Commissioner
of Social Security,

Defendant - Appellee.

No. 24-1233

D.C. No.
3:23-cv-00347-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Carla Baldwin, Magistrate Judge, Presiding

Submitted April 1, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

John A. Villarruel appeals a district court judgment affirming the Social

Security Commissioner's denial of his application for disability benefits under

Title II of the Social Security Act. As the parties are familiar with the facts, we do

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

not recount them here. We review de novo a district court's order affirming the denial of social security benefits, *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024), and "will not overturn the Commissioner's decision unless it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (cleaned up). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The Administrative Law Judge ("ALJ") did not improperly discount the testimony of Drs. Littlepage and Greenwald. Dr. Littlepage issued guidance to Villarruel one week after he underwent back surgery in 2015. The ALJ found that there was no indication from Dr. Littlepage that this guidance was intended to be permanent. This is a reasonable interpretation of the record.

In 2016, Dr. Greenwald opined that Villarruel was "permanently or at least partially disabled" and could not return to "his previous work status." Months later, Dr. Greenwald indicated that Villarruel was "Totally Incapacitated." None of these statements qualifies as a medical opinion, which is defined in the governing regulation as a "judgment[] about the nature and severity of" a claimant's impairments, including symptoms, diagnoses, and prognoses, and "what [the claimant] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The ALJ reasonably found that Dr. Greenwald's opinions were on issues reserved to the Commissioner.

2. The ALJ did not improperly discount Dr. Alpern's testimony in part. An ALJ "may disregard medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam). Here, the ALJ gave only partial weight to Dr. Alpern's testimony that Villarruel is limited to "less than the full range of sedentary work," because that opinion was inconsistent with other evidence in the record describing Villarruel's symptoms as "controlled with medication" and "stable." This finding is supported by substantial evidence.

3. The ALJ did not err in discounting Villarruel's testimony. After considering Villarruel's testimony, the ALJ found that his medically determinable impairments could reasonably be expected to cause the alleged symptoms. But the ALJ also found that Villarruel's statements "concerning the intensity, persistence, and limiting effects" of his symptoms during the relevant period were "not fully supported" because "the record supports that the claimant retained significant residual functioning."

An ALJ may reject a claimant's testimony about the severity of his symptoms only by offering "clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (cleaned up). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533

24-1233

F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ pointed to specific contradictions between Villarruel's testimony and the medical records and to inconsistencies within Villarruel's testimony. For example, Villarruel stated that "he was not in any acute distress" while alleging he was experiencing "significant pain." Villarruel also stated that he could only walk two or three steps without a cane, but medical records describe him as walking with a normal gait without a walking assistive device. Because substantial evidence supports the ALJ's finding that Villarruel retained significant residual functioning prior to December 31, 2020, and this record evidence is inconsistent with Villarruel's testimony, the ALJ did not err in rejecting Villarruel's testimony.

4. Any error on the part of the ALJ in rejecting the testimony of Villarruel's spouse was harmless. "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the ALJ's failure to discuss the lay witness testimony is harmless error. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).[1] Here, the statement from Villarruel's spouse is substantively similar to Villarruel's self-report.

---

[1]    Although amendments to the Social Security Administration's regulations have since rendered it unnecessary for an ALJ to provide an explanation for discounting lay testimony, *see Hudnall v. Dudek*, No. 23-3727, 2025 WL 729701, at *1-2 (9th Cir. March 7, 2025), those changes only impact claims "filed on or

5. The ALJ did not err in determining that Villarruel could perform his past relevant work during the relevant period. On appeal, Villarruel argues that the ALJ failed to comply with the mandate of the district court's prior remand order to determine how much time Villarruel spent doing office manager duties versus insurance sales duties. But during the hearing on remand, the vocational expert testified that Villarruel's past work was only as an office manager. Because there was no ambiguity, there was no need to develop the record to determine how much time Villarruel spent performing office manager versus insurance agent duties. *Cf. McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). Thus, the ALJ did not err in finding that Villarruel was not disabled prior to December 2020 because he could perform the "functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

**AFFIRMED.**

---

after March 27, 2017," *id.* at *1, and Villarruel filed his application for disability benefits in 2015.