NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JENNY M. SWALES,

　　　　　Plaintiff-Appellant,

　v.

ANDREW M. SAUL, Commissioner of
Social Security,

　　　　　Defendant-Appellee.

No.　19-36107

D.C. No. 1:18-cv-01503-AC

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted March 3, 2021
Portland, Oregon

Before:　PAEZ and WATFORD, Circuit Judges, and TUNHEIM,** District Judge.

Jenny Swales appeals from the district court's order affirming the

administrative law judge's decision denying her application for disability insurance

---

*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**　　The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

benefits and supplemental security income under Title II and Title XVI of the Social Security Act.

1.  The administrative law judge (ALJ) erred at step two in concluding that Swales's alleged fibromyalgia is not a medically determinable impairment (MDI). To determine whether a claimant has an MDI of fibromyalgia, an ALJ applies one of two sets of criteria set forth in Social Security Ruling 12-2p.  *See* SSR 12-2p, 2012 WL 3104869, at *2–3 (July 25, 2012).  Relevant here, both sets of criteria require that "other disorders that could cause the symptoms or signs were excluded."  *Id.* at *3.

The ALJ's decision that fibromyalgia was not an MDI because other disorders were not sufficiently excluded is not supported by substantial evidence in the record.  *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  The record includes documentation of an examining physician finding that Swales met the diagnostic criteria for fibromyalgia, and evidence that her treating nurse practitioner, Family Nurse Practitioner (FNP) Sarah Roberson, continually acknowledged Swales's fibromyalgia diagnosis despite referring Swales to various specialists for consideration of myriad other possible causes of her pain.  At minimum, the ALJ must provide a more thorough explanation as to why the record does not support a fibromyalgia MDI.  *See Bray v. Comm'r of Soc. Sec. Admin.*,

554 F.3d 1219, 1225 (9th Cir. 2009) (limiting review of an ALJ decision to the reasoning offered by the ALJ).

Further, the ALJ appears to have applied a more stringent standard for exclusion of other impairments than the one suggested by SSR 12-2p, seeming to suggest that the existence of degenerative disc disease could preclude an MDI of fibromyalgia. SSR 12-2p does not require fibromyalgia to be a stand-alone impairment. *See* 12-2p, 2012 WL 3104869, at *3. And multiple circuits, including this court, have found degenerative disc disease or related MDIs to co-exist with fibromyalgia. *See, e.g.*, *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (arthritis, obesity, fibromyalgia); *Romero v. Colvin*, 563 F. App'x 618, 619 (10th Cir. 2014) (degenerative disc disease, depression, obesity, fibromyalgia); *Arakas v. Comm'r*, 983 F.3d 83, 94 (4th Cir. 2020) (degenerative disc disease and fibromyalgia). On remand, the ALJ must therefore explain his reasoning to ensure that the correct legal standard has been applied. *See Molina*, 674 F.3d at 1110.

If, on remand, the ALJ concludes that Swales's fibromyalgia is an MDI, the ALJ must reconsider the Residual Functional Capacity analysis in light of fibromyalgia's unique characteristics, including that it is diagnosed based on a patient's self-reported symptoms and that outwardly normal physical examinations are to be expected. *See Revels*, 874 F.3d at 656, 663, 666. Because the ALJ discredited Swales's testimony and her treating nurse practitioner's opinion

because of perceived inconsistency between Swales's subjective complaints and objective medical evidence, an error in excluding fibromyalgia as an MDI at step two is prejudicial to Swales. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). Thus, the error is not harmless, and we will reverse and remand for further proceedings. *See Molina*, 674 F.3d at 1111.

**2.** Additionally, irrespective of the ALJ's decision upon reconsideration of fibromyalgia at step two, the ALJ did not provide legally sufficient reasons for discounting Swales's pain testimony or the medical opinion of her treating nurse practitioner, FNP Roberson. First, the ALJ did not provide specific, clear, and convincing reasons for discounting Swales's pain testimony based on her daily activities. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The ALJ cited Swales's testimony that she homeschooled and took care of her children, did chores such as cooking and dishes, and drove occasionally, but did not provide specific reasons why those activities undermine Swales's pain testimony. Particularly in light of our precedent, which urges caution in concluding that daily activities are inconsistent with pain testimony, *see, e.g.*, *Garrison*, 759 F.3d at 1016, on remand the ALJ must provide specific and convincing reasons to discredit Swales's pain testimony.

Second, the ALJ did not adequately weigh the medical opinion of Swales's treating nurse practitioner. The weight of a treating nurse practitioner's opinion,

although not considered an acceptable medical source at the time of Swales's application, *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015), must nonetheless be assessed based on factors including "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of [the treating nurse practitioner]." *Revels*, 874 F.3d at 655. Here, the ALJ did not discuss the extensive treating relationship between Swales and FNP Roberson or consider whether FNP Roberson's opinion was due more weight because of that long-term treatment. As such, on remand, the ALJ must reassess FNP Roberson's medical opinion, irrespective of his decision at step two.

**3.** On these grounds, we find that reversal and remand for further proceedings is the proper remedy. Although the ALJ failed to provide sufficient reasons for denying the fibromyalgia MDI at step two and Swales has presented significant evidence concerning her fibromyalgia symptoms, it is not clear from the record whether the ALJ is required to find Swales disabled. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Further proceedings are needed for the ALJ to reassess the record based on the instructions herein and to provide an adequate explanation of the legal standards applied and evidence relied upon in assessing Swales's application.

**REVERSED AND REMANDED.**