**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHARYL L. GLENDENNING, | No. 22-35391 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00131-TJC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted May 12, 2023**
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.

Sharyl Glendenning appeals from the district court's decision affirming the

denial of her application for social security disability insurance benefits. "We

review the district court's order affirming the ALJ's denial of social security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits de novo and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citations omitted). Additionally, we "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Glendenning contends that the ALJ erred in giving her treating podiatrist's opinions only "minimal weight." We find neither of her two arguments persuasive.

First, Glendenning argues that the ALJ ran afoul of the law of the case by articulating reasons to discount her podiatrist's opinions that had not been included in the ALJ's first, deficient decision. "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). However, nothing in the district court's remand order prevented the ALJ from putting forth a new rationale for discounting the podiatrist's opinions. The district court simply instructed the ALJ to "reconsider the weight" applied to the opinions.

Second, Glendenning argues that the ALJ improperly discounted the podiatrist's opinions based on erroneously finding that Glendenning's physical examinations "demonstrated no major neuromuscular deficits." But that finding is supported by substantial evidence and provides a "specific and legitimate reason" for discounting the podiatrist's controverted opinions. *See Smartt v. Kijakazi*, 53 F.4th 489, 494–95 (9th Cir. 2022). The podiatrist noted an unremarkable musculoskeletal exam in January 2014 and normal neurological exams in August 2014, November 2014, and January 2015. Glendenning's physician assessed her for bilateral lower extremity paresthesia in February 2013, but two weeks later he noted that prescribed medicine was helping. In January 2015, her physician noted that the paresthesia was "intermittent" and did not seem to interfere with her activities. Based on this evidence, it was reasonable for the ALJ to conclude that Glendenning did not suffer from major neuromuscular deficits.

2. Glendenning argues the ALJ improperly discounted her symptom testimony, because the ALJ failed to specifically identify portions of her testimony that conflicted with the objective medical evidence.

"Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may

reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492–93 (9th Cir. 2015) (citation and quotation marks omitted). The ALJ does not pinpoint portions of Glendenning's testimony that are inconsistent with the objective medical evidence. However, even assuming the ALJ's reasoning regarding the objective medical evidence was insufficiently specific, any error was harmless, because the ALJ relied on other valid reasons to discredit Glendenning's testimony including inconsistencies with her testimony, the conservative nature of her treatment, and her daily activities. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superceded on other grounds by* 20 C.F.R. § 404.1502(a) ("[A]n ALJ's error [is] harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.").

3. There is no indication the ALJ failed to comply with Social Security Rulings 16-3p and 96-8p. *See* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017); SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ discussed Glendenning's treatments, finding that they were "conservative" in nature. Glendenning fails to point to any other factor included in Social Security Ruling 16-3p that the ALJ should have, but did not, consider.

4.  Finally, Glendenning argues that the ALJ failed to include all of Glendenning's limitations when posing hypotheticals to the vocational expert.  She argues that degenerative changes in her spine support additional limitations.

The ALJ did not err by excluding limitations related to Glendenning's back condition.  "It is . . . proper for an [ALJ] to limit a hypothetical to those impairments that are supported by substantial evidence in the record."  *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam) (quoting *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001)).  As discussed above, treatment notes support the ALJ's finding that Glendenning suffered from no major neuromuscular deficits.  Furthermore, an MRI revealed only "mild" degenerative changes in Glendenning's spine.  The ALJ's determination that Glendenning's back condition was "mild" is thus supported by substantial evidence.

**AFFIRMED.**