NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHANNON A. BELDEN,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of Social Security,

Defendant-Appellee.

No.    23-35350

D.C. No. 3:22-cv-05524-SKV

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted August 20, 2024**
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

Shannon Belden appeals the district court's order affirming an

administrative law judge's ("ALJ") denial of her application for disability

insurance benefits and social security income.  In her appeal, Belden argues that

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the ALJ erred when discounting the opinion of her treating nurse practitioner, her own testimony, and the testimony of her husband, regarding the severity of her medical issues.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)) (quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We affirm the district court.

1. Because Belden filed her claim prior to March 27, 2017, we apply the regulations in 20 C.F.R. §§ 404.1527 and 416.927. Typically, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Opinions from certain medical sources, such as a nurse practitioner, may be discounted for germane reasons. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015). "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041–42.

2

The ALJ articulated multiple reasons for not giving much weight to the opinion of Elaine Pichette, Belden's nurse practitioner, regarding the severity of Belden's mental health issues. Pichette's opinion consisted of a checklist that featured little elaboration. The notes from Pichette's prior examinations of Belden are more detailed than, and inconsistent with, her conclusions on the checklist. Pichette's opinion was also contradicted by the medical record and Belden's own testimony regarding her daily activities. The ALJ did not err by giving little weight to her opinion.

2.     If a claimant presents objective medical evidence of an impairment that could be expected to produce the symptoms alleged, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996)). "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Another appropriate consideration is "whether the claimant engages in daily activities inconsistent with the alleged

3

symptoms." *Lingenfelter*, *v. Astrue,* 504 F.3d 1028, 1040 (9th Cir. 2007). Moreover, "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

The ALJ gave specific, clear, and convincing reasons for discounting Belden's testimony. Belden's medical records, along with her statements to her care providers, contradict her statements regarding the severity of her physical and mental ailments. Belden's description of her daily activities also contradicts her testimony. Additionally, Belden's treatment plan was conservative, and her symptoms generally improved when she took medication. The ALJ noted each of these reasons when discounting Belden's testimony. Therefore, the ALJ did not err. And because Belden's husband's testimony was largely a facsimile of her own testimony, the ALJ did not err in discounting his testimony as well.[1]

**AFFIRMED.**

---

[1] Because we hold that the ALJ did not err, we do not address Belden's derivative arguments.